UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFRIE ANTERIES DANIEL, §<br>TDCJ No. 1141630, § <br> § <br> Petitioner, § <br> v. § <br> § <br>NATHANIEL A. QUARTERMAN, § <br>Director, Texas Department of Criminal § <br>Justice, Correctional Institutions Division, § <br> § <br> Respondent. § | | CIVIL ACTION<br>No. SA-7-CV-396-NN |

# M E M O R A N D U M   D E C I S I O N

Before the Court are Petitioner Jeffrie Anteries Daniel's 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 4) and the Respondent's Answer which this Court construes as a motion to dismiss the Petition (Docket Entry # 17). This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 12, 13, 15.)

Petitioner Daniel was convicted in Bexar County in 2002 for forgery of a commercial instrument and was sentenced to twenty years in *State v. Daniel*, No. 2000-CR-1247 (399th Jud. Dist. Ct., *jmt. entered* April 12, 2002). Petitioner's conviction was affirmed on August 27, 2003. *Daniel v. State*, No. 4-2-484-CR (Tex. 4th Ct. Apps.). His petition for discretionary review was stricken by the Texas Court of Criminal Appeals on January 21, 2004 because Petitioner failed to submit sufficient copies and the petition exceeded the page limits of the court rules.

Petitioner's first and second State habeas corpus applications were denied November 20, 2002. *Ex Parte Daniel*, Nos. 54,101-1 & -2. His third State habeas corpus application filed December 17, 2004, was denied January 3, 2005. *Ex Parte Daniel*, No. 54,101-3. His fourth State habeas corpus application filed January 24, 2006, was denied April 19, 2006. *Ex Parte Daniel*, No. 54,101-4. His

fifth State habeas corpus application filed June 14, 2006, was denied August 16, 2006. *Ex Parte Daniel*, No. 54,101-5.

Petitioner's § 2254 Petition contends: his conviction was the result of an unlawful search and seizure in violation of the Fourth Amendment; he was denied the right to confront a witness against him; the Court of Appeals violated his due process rights by failing to address issues on appeal; and his trial and appellate counsel were ineffective.

Respondent moves for dismissal of Daniel's Petition as barred by the one-year limitation period of 28 U.S.C. § 2244(d) which provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Daniel's conviction became final no later than January 21, 2004 when his petition for discretionary review to the Texas Court of Criminal Appeals was stricken. His federal Petition is dated and deemed filed May 2, 2007. There was an approximate three year and three month interval between the time Daniel's conviction became final and the filing of his § 2254 Petition. Excluding the four months and three weeks his State habeas corpus applications were pending during this period, *see* § 2244(d)(2), there was more than an approximate two year and nine month interval

between the time his conviction became final and the filing of his § 2254 Petition; and thus Daniel's Petition is barred by limitations.

Before filing his current § 2254 Petition, Petitioner filed several § 2254 petitions that were dismissed without prejudice by this Court for failure to exhaust his State remedies. *See Daniel v. Cockrell*, No. SA-2-CA-1054-OG (*dismissed* Nov. 8, 2002); *Daniel v. Dretke*, No. SA-3-CA-780-OG (*dismissed* Sept. 24, 2003); *Daniel v. Dretke*, No. SA-5-CA-235-OG (*dismissed* Aug. 19, 2005). These previous federal filings did not toll limitations. It is now well-settled a previously filed federal habeas corpus petition does not toll the § 2244(d)(1) one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

Petitioner does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence and fails to assert any other basis for excusing his failure to timely file his federal Petition. "[L]ack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" do not justify equitable tolling. *Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991). Petitioner's federal Petition is barred by § 2244(d).

Furthermore, Daniel's Petition is without merit. Pursuant to *Stone v. Powell*, 428 U.S. 465, 493-97, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), Fourth Amendment violations are not a basis for habeas corpus relief if the prisoner had a full and fair opportunity to raise the issue in State court. *See Lucas v. Johnson*, 132 F.3d 1069, 1083 (5th Cir.), *cert. dismissed*, 524 U.S. 965 (1998). Thus Petitioner's Fourth Amendment claims are not properly before this court. Petitioner's confrontation claim and ineffective counsel claims are conclusory. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

Petitioner's claim he was denied counsel at a critical stage of the proceeding when his counsel was appointed nine days after the time for filing a new trial motion expired is defied by the record which shows the trial court appointed new counsel and granted leave to file a new trial motion which was denied.  Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact.  The State court's denial of Daniel's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *see Daniel v. State*, No. 4-2-484-CR, *Ex Parte Daniel*, No. 54,101-5 at 16-21, and therefore this Court is compelled to reach the same conclusion that Daniel's federal Petition is without legal or factual merit and must be denied.

Accordingly, Respondent's motion to dismiss (Docket Entry # 17) is **GRANTED**, Petitioner Daniel's Habeas Corpus Petition (Docket Entry # 4) is **DENIED**, and this case is **DISMISSED.**  All other pending motions are **DENIED** as moot.

**SIGNED on January 14, 2008.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**